IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VINCENT MARTIN, SHERMAN BAKER, BRENT REYNOLDS, STEPHANIE C. DAVIS, and BETTY HASAN-AMIN, | ) ) ) ) ) ) | Civil Action File No. 1: 01-CV-3255-TWT |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY and NATHANIEL P. FORD, SR., in his Official capacity as General Manager and Chief Executive Officer of the Metropolitan Atlanta Rapid Transit Authority, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, BRIEF IN OPPOSITION TO NON-PARTY DLPC's MOTION TO REOPEN CASE**

COME NOW, the Plaintiffs in the above captioned action and file this

Motion to Strike, or in the alternative, Brief in Opposition to Non-Party Disability

Law and Policy Center's ("DLPC") Motion to Reopen this case, showing the Court

as follows:

1

On April 13, 2007 the Disability Law and Poverty Center, who is not a party to this action and who is not presently representing any Plaintiff in this action, filed, on its own behalf, a Motion to Reopen this case.  The sole authority upon which the DLPC relies in asserting that it is entitled to move to reopen this case is the Court's Order of May 19, 2003.  That Order provides that "In the event of any future claimed violation or deficiency in terms of compliance with the Court's Order, the party asserting such violation or deficiency exists shall .... (Order para 8).  Clearly the Order applies to "parties" and the DLPC is not a "party."  That the Court's Order does not grant the DLPC authority to move the Court to reopen this case should be clear.  General rules of standing and intervention – which the Plaintiffs, in the interests of brevity, will not discuss in great detail given their plain application – bar a non-party who has not sought and been granted the right to intervene from filing motions in any civil action. In short, the DLPC's Motion must be struck as the DLPC is not a party to this action nor does it represent any party to this case.  It accordingly lacks standing to make this motion.

The Court will recall that although this action was initially filed as a class action, the defendants opposed class certification and no class was certified.  Thus, although this action has improved MARTA's accessibility for all of its riders with disabilities, it remains an action which was brought and is maintained by several

individually named plaintiffs.  These plaintiffs are represented by the undersigned counsel, not the DLPC.   The DLPC is not a party to this case and, as such, lacks the capacity to "move" to reopen this case.  The DLPC  is free to advocate for better accessibility on MARTA, with or without filing another lawsuit.  However, by way of the present Motion, what the DLPC seeks is to improperly insert itself into litigation in which it is neither a party nor counsel to a party.

The DLPC argues that it is entitled to move to reopen this case because its Executive Director served as one of the original plaintiffs' counsel in this case.  More precisely, Leigh Ann Clark, who served as the Executive Director of the DLPC at the time this suit was filed, assisted in representing the plaintiffs.  The current Executive Director only began her work at the DLPC well after relief was secured and the final order was entered.  Her only prior appearances in this matter concerned the DLPC's efforts to lay claim to a larger share of the attorney fees award than was authorized under the contracts that existed between the several organizations and firms that had previously represented the plaintiffs.  In any event, the fact that a lawyer who formerly was with the DLPC previously served as co-counsel to one or more of the Plaintiffs in this case, hardly serves a basis for it to "move" to reopen this case. The DLPC is not, and has never been, a party to this lawsuit.  It cites to no authority whatsoever that would give it standing to "move"

3

the Court to reopen this case. Absent some order allowing the DLPC to intervene or otherwise become a party to this suit, it simply cannot seek an order from this Court reopening this case.

This is not the first time that the Disability Law and Policy Center's current Executive Director has attempted to hijack this case. The Court will recall that shortly after Dr. Egemonye, the current signatory to the Motion to Reopen, began work as the DLPC's Executive Director she asserted during a fee dispute that she should serve as one of the counsel for the plaintiffs. The parties then agreed to arbitrate this issue and the fee issue and filed a Joint Motion for Referral to Binding Arbitration [Doc. No. 66]. The Court entered an Order stating that the "decision of the arbitrator shall be final and non-appealable.." [Doc. No. 67]. Magistrate Scofield was then selected to serve as the Arbitrator and the issue was the squarely decided in the final and binding arbitration of <u>Disability Law and Policy Center v. Law Office of Georgia Lord, P.C.</u>. [Doc. No. 71].    Judge Scofield Court found that the Law Office of Georgia, Lord, P.C., should be designated solely responsible for performing all future monitoring tasks in the Martin v. MARTA litigation and that the selection of counsel to assist in this effort should be entrusted to that firm. As stated in the Final Decision on Binding Arbitration:

> Accordingly, upon consideration of Ms. Lord's significant contribution to the Martin v. MARTA litigation as the lead attorney and Ms. Lord's litigation experience in such cases ... this Court finds that the Lord Firm and any attorneys "engaged by" the Lord Firm should be assigned the responsibility of performing all future monitoring tasks in the Martin v. MARTA litigation.  (Final Decision p. 22).

The present Motion to Reopen simply ignores this binding decision.  Simply put, because DLPC is not a party to this action, does not represent a party to this action, and has neither sought or been granted permission to intervene, this Court must strike its "motion" to reopen this case.

Alternatively, in the event that this Court declines to strike the DLPC's Motion, it should be denied.  The Plaintiffs' counsel  have faithfully performed extensive monitoring work during the years since the final order was entered in this case.  Their monitoring work has featured lengthy review of records, persistent telephone calls (both to collect information and to push the defendants for compliance) and conference room negotiations.  They believe these methods have been well suited to effective monitoring.   Diligent monitoring need not involve large public meetings featuring demands for responses from MARTA officials, as the DLPC apparently believes.  Plaintiffs' counsel have reviewed large segments of MARTA's records of customer service complaints regarding accommodation of disabilities and paratransit problems in an effort to understand the experiences and concerns of a broad cross-section of MARTA's riders who have disabilities.  They

have, at their own cost, retained the services of a consultant who has extensive experience and expertise regarding the accommodation of disabilities by public transit systems and have utilized his expertise to offer insights regarding potential solutions.  They have brought numerous concerns regarding accessibility problems to the attention of MARTA's representatives and have pressed for improvements. In any event, the fact that the DLPC believes that tactics other than those performed by the current Monitor(s) might be more fruitful, hardly serves as a basis to reopen this case.

As for the shortcomings with MARTA's services, the Plaintiffs agree that there are serious issues with MARTA's services that must be addressed and solved. For instance, significant shortcomings persist in the provision of paratransit services -- and riders with visual impairments still cannot rely upon MARTA operators to make "stop announcements".  MARTA's operations involve thousands of employees and some realities which are outside of their control.  The size of this enterprise and the intertwined nature of the issues it confronts necessarily mean that these problems present complicated questions.  The current shortcomings in MARTA's paratransit services and disability access remain under negotiation between MARTA and Plaintiffs' Counsel.  Plaintiffs' Counsel remain hopeful that the parties will be able to bring the system into true compliance by continuing to

negotiate remedies and will not have to seek further Court intervention.  Of course, if the Plaintiffs and their Counsel come to the conclusion that the ongoing negotiations are not producing sufficiently prompt improvement in MARTA's performance of its obligations under the Court's Injunction Order and the ADA they will press forward with a request for relief from the Court.

WHEREFORE, for the forgoing reasons, this Court should strike the "motion" to reopen this case filed by and behalf of the DLPC. Alternatively, the "motion" should be denied.

Respectfully submitted, this 30th day of April, 2007.

/s/ David C. Ates
David C. Ates
Georgia Bar No. 026281

DAVID ATES, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4104
dates@davidateslawfirm.com

7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VINCENT MARTIN, et al | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.: 1:01-CV-3255-TWT |
| METROPOLITAN ATLANTA | : | |
| RAPID TRANSIT AUTHORITY, | : | |
| et al | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2007 the within and foregoing **Plaintiffs' Motion to Strike, or in the Alternative, Brief in Opposition to Non-party Dlpc's Motion to Reopen Case** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notifications to all counsel of record:

Georgia Kay Lord, Esq.
John R. Lowery, Esq.
Joshua H. Norris, Esq.
Henry Timothy Willis, Esq.
Uche Egemonye, Esq.

                                   /s/ David C. Ates
                                   David C. Ates
                                   Georgia Bar No. 026281

DAVID ATES, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4104

8