IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VINCENT MARTIN, et al.,

    Plaintiffs,

        v.

METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:01-CV-3255-TWT

## OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendants'
Motion to Dissolve, Release, and Vacate the Preliminary Injunction Orders
[Doc. 187] and the Plaintiffs' Motion for Entry of a Contempt Ruling [Doc. 192].
For the reasons set forth below, the Defendants' Motion to Dissolve, Release,
and Vacate the Preliminary Injunction Orders [Doc. 187] is GRANTED and the
Plaintiffs' Motion for Entry of a Decision on the Pending Petition that
Defendants be Held in Contempt [Doc. 192] is GRANTED.

## I.    Background

This case began nearly twenty-one years ago when the complaint was
filed in November 2001. (*See* Dkt Entry 1, Nov. 28, 2001). In their class action
complaint, the Plaintiffs sought "injunctive and declaratory relief" to end the
"Defendants' systemic failure to provide basic and necessary public
transportation services to them" and to end "the Defendants' pattern and
practice of discrimination against such individuals" under the Americans with

Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act. (Compl. ¶ 1). The Plaintiffs specified approximately nineteen ways that the Defendants were violating the ADA, largely based on concrete incidents that the Plaintiffs endured throughout 2000 and 2001. (*Id.* ¶¶ 17, 22-44). In their prayer for relief, the Plaintiffs asked the Court to enjoin the Defendants "to comply with the Americans with Disabilities Act and the Rehabilitation Act by making its service, programs and activities, including its public transportation system, readily accessible to and usable by" the Plaintiffs. (*Id.* at 44).

Soon thereafter, the Plaintiffs moved for preliminary injunctive relief, which was ultimately granted. (Dkt Entry 15; Doc. 39). In the original 2002 preliminary injunction order, the Court ordered the Defendants to, among other things: (1) make their website and customer information available to paratransit customers in alternative formats; (2) perform maintenance, repairs, and daily inspections to ensure the wheelchair lifts on MARTA's paratransit buses remained functional; (3) establish a protocol for transporting paratransit riders when a lift is found to be non-operational; (4) make stop announcements and limit the amount of time that paratransit riders spend on a bus; (5) significantly reduce hold times and increase customer service operations for MARTA's paratransit telephone customer services; (6) strive for 100 percent on-time performance for paratransit bus service; (7) establish a system for paratransit customers to file complaints regarding MARTA's ADA compliance; and (8) update policies and provide training to paratransit

operators with regard to ADA compliance. (Doc. 45). The original injunction also incorporated provisions for monitoring MARTA's compliance with the ADA and with the injunction terms. (*Id.* at 28-32). In May 2003, the parties reported to the Court that they had resolved the remainder of the claims raised in the Plaintiffs' complaint, and the Court memorialized the terms of the parties' agreement in an Order. (Doc. 54). In particular, the parties "agreed to forego further discovery and hearing and to have the Preliminary Injunction made the final order of the Court." (*Id.* ¶ 4). The case was also closed at that time.

The original preliminary injunction was first modified through a consent order entered in 2005. (Doc. 75). It has been further modified several times since over the years. (Docs. 75, 95, 101). One such modification entered by consent order in 2014 made minor changes to the original injunction order. (*See* Doc. 101). In May 2015, the Plaintiffs filed a Motion for an Order to Show Cause Why the Defendants Should Not Be Held in Contempt. (Doc. 102). The Plaintiffs alleged generally that MARTA's paratransit service performance had not only failed to meet the standards set forth in the Court's injunction orders but had actually declined since the injunction orders were entered. (*Id.* at 2). The Plaintiffs asked the Court to impose sanctions on the Defendants— including monetary ones—until compliance with the injunction orders was obtained, to "[a]dopt a plan" to bring the Defendants into compliance with the injunction orders, and to consider revising the injunction orders "to bring the

3

operation of MARTA Paratransit into compliance with" the ADA. (*Id.* at 2-3).
The Court granted the Plaintiffs' Motion and held a show cause hearing on the
contempt issue in July 2017. (Doc. 120; Dkt Entries 161-62). The parties filed
post-trial briefing, and then filed a proposed consent order asking the Court to
adopt their resolution of portions of the contempt allegations, and the Court
entered the consent order. [1] (Docs. 169, 172-73, 176-77). A portion of the
consent order further modified the previous preliminary injunction orders. (*See*
Doc. 177 at 4-10). At present, there is no formal motion or "petition" on
contempt pending before the Court.

In February 2022, the Defendants filed a Motion to Dissolve, Release,
and Vacate the Preliminary Injunction Orders, which is presently pending
before the Court. (Doc. 187). The Plaintiffs oppose the motion. (Doc. 190). In
April 2022, the Plaintiffs filed a Motion for Entry of a Decision on the Pending
Petition that Defendants be Held in Contempt, which is also presently pending
before the Court. (Doc. 192). The Defendants did not file a response to the
motion.

## II.    Legal Standards

"Under traditional principles of equity practice, courts have long
imposed civil contempt sanctions to coerce the defendant into compliance with

---

[1] As relevant, the consent order resolved the Plaintiffs' contempt
allegations "arising from the Defendants' operation of the telephone
reservations system" for MARTA's paratransit service. (Doc. 177 at 1-2).

an injunction or compensate the complainant for losses stemming from the defendant's noncompliance with an injunction." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quotation marks omitted). But "civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct," as it is a severe remedy. *Id.* at 1801-02 (noting that Supreme Court precedent suggests that "civil contempt sanctions may be warranted when a party acts in bad faith) (quotation marks and alterations omitted). District courts are afforded wide discretion to fashion equitable remedies in civil contempt. *F.T.C. v. Leshin*, 618 F.3d 1221, 1237 (11th Cir. 2010).

The Eleventh Circuit has endorsed a general rule that, as a "sound public policy . . litigation should come to an end." *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1286 (11th Cir. 2004). On motion and just terms, the Court can relieve a party from its order when applying the order prospectively is no longer equitable, or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(5), (6). "The right of continuance of a preliminary injunction is far from absolute. The dissolution of a preliminary injunction is a matter within the sound discretion of the [t]rial [c]ourt." *Collum v. Edwards*, 578 F.2d 110, 113 (5th Cir. 1978).[2] "Before exercising its power to modify, a court must be

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit held that it was bound by all published decisions of the former Fifth Circuit handed down prior to October 1, 1981.

convinced by the party seeking relief that existing conditions differ so substantially from those which precipitated the decree as to warrant judicial adjustment." *Hodge v. Dep't of Hous. & Urb. Dev., Hous. Div., Dade Cnty, Fla.*, 862 F.2d 859, 862 (11th Cir. 1989). And "[w]here material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1313 (11th Cir. 1998). Modification of a preliminary injunction is particularly appropriate when "significant time has passed and the objectives of the original agreement have not been met, despite the defendants' efforts, or when a continuation of the decree would be inequitable." *Reynolds v. McInnes*, 338 F.3d 1221, 1227 (11th Cir. 2003) (quotation marks omitted). Moreover, "an injunction requiring detailed and continuous supervision over the conduct of [a state entity] is not congenial to equitable principles and practices." *Brown v. Bd. of Trs. of LaGrange Indep. Sch. Dist.*, 187 F.2d 20, 24 (5th Cir. 1951).

### III.    Discussion

#### A.    Motion to Vacate and Dissolve the Injunction Orders

Having reviewed the Defendants' Motion and brief in support, the Plaintiffs' response brief, and all supporting exhibits, the Court concludes that the Defendants' Motion to Dissolve, Release and Vacate the Preliminary Injunction Orders [Doc. 187] should be granted. At the outset, the Court finds that an evidentiary hearing is not required here because the facts in dispute

are not material to the relief sought—namely, dissolution of the existing injunction. *See McDonald's Corp.*, 147 F.3d at 1313. In particular, the parties dispute only the interpretation of the myriad reports MARTA has compiled and whether that data shows that MARTA has been in substantial compliance with the injunction orders for the last nine months. The Court does not find that interpretation dispositive here.

Instead, what the parties do not dispute is that the injunction orders set forth one, discrete goal—getting MARTA's paratransit services in compliance with the ADA. In other words, the injunctions merely ordered MARTA to follow established federal law, with specific goals to meet and measures for compliance. When this case was filed in 2001, the injunctive relief the Plaintiffs requested was an appropriate remedy because MARTA was admittedly nowhere near compliance with its statutory obligations under the ADA. In fact, the Court recalls that MARTA's policy handbook (known as "the Red Book") had not been updated at that time since before the ADA's enactment. But having made substantial improvements to its paratransit services over the years, including making its website available in a format accessible to text-reader software, providing information in braille upon request, increasing the availability of paratransit customer services, and increasing the budget and staffing for paratransit services, the Court concludes that, on the record and evidence before it, MARTA has consistently and in good faith complied with the requirements of the injunction orders. Continuing to modify the

7

injunction orders would simply equate to ordering MARTA to comply with its ADA obligations; something that it is already statutorily obligated to do. On that basis, continued modifications to the injunction orders and Court oversight of MARTA's paratransit operations are no longer practical, or even equitable. *See* Fed. R. Civ. P. 60(b)(5), (6) (providing that the Court is authorized to relieve parties from its order when applying the order prospectively is no longer equitable, or for any reason that justifies relief).

The Court notes that the only portions of the injunction orders that MARTA is not already bound to comply with under the ADA are the portions requiring the compilation and presentation of data and statistics regarding its compliance, but as the Plaintiffs have admitted, this information is easily attainable through a Freedom of Information Act request. (*See* Pls. Resp. in Opp. to Mot. to Vacate [Doc. 190] at 21-22). Moreover, the Court agrees with the Defendants that MARTA paratransit riders remain free to hold MARTA accountable for its ADA obligations by pursuing individual claims against them; such claims may very well be better targeted at obtaining appropriate relief given the age of this case and the fact that the Plaintiffs waived any further discovery in this matter nearly twenty years ago. (*See* Doc. 54 ¶ 4); *See Collum*, 578 F.2d at 113 ("The right of continuance of a preliminary injunction is far from absolute.").

On that note, the Court finds that vacatur of the injunction orders in this matter is particularly appropriate given how far removed the Plaintiffs'

current requests for modification are from their prayer for relief in the original 2001 complaint. A review of the complaint shows that the Plaintiffs' requests were premised on discrete ADA violations allegedly suffered by the Plaintiffs in 2000 and 2001, but the Plaintiffs have continued to seek injunctive relief unrelated to those violations through further modifications to the injunction orders twenty years later, including in their response in opposition to this Motion. (*See* Compl. ¶¶ 17, 22-44; *See* Pls. Resp. in Opp. to Mot. to Vacate at 2). It is axiomatic that in civil actions, the complaint frames the case, and the scope of the injunction orders and relief requested has long since outgrown that frame. In no uncertain terms, the Plaintiffs are asking the Court to continue to enjoin MARTA to comply with the ADA in perpetuity, despite the Eleventh Circuit's "sound public policy . . . that litigation should come to an end." *See Alphamed, Inc.*, 367 F.3d at 1286. But "[t]he dissolution of a preliminary injunction is a matter within the sound discretion" of the Court, and for these reasons, the Court finds exercise of that discretion is warranted here. *See Collum*, 578 F.2d at 113. Accordingly, the Defendants' Motion to Dissolve, Release, and Vacate the Preliminary Injunction Orders [Doc. 187] is GRANTED.

## B.   Motion for a Ruling on Contempt

Having reviewed the transcript of the contempt hearing held in July 2017 and the evidence admitted therein, the parties' post-trial briefing, and the Plaintiffs' present motion [Doc. 192], the Court declines to find the

Defendants in contempt of the preliminary injunction orders for the reasons stated in the Defendants' post-trial briefing [Docs. 169, 173]. In particular, the Court finds that the Defendants have made all reasonable efforts to comply with the Court's preliminary injunction orders. *See Taggart*, 139 S. Ct. at 1801-02 (noting that "civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct"). To the extent that MARTA has been at times unable to comply with the Court's injunction orders, there is no evidence supporting a finding that any non-compliance was the result of bad faith. *See id.*

In their brief in support of their Motion for Entry of a Decision on the Pending Petition that Defendants be Held in Contempt [Doc. 192], the Plaintiffs argue that while the existing injunctions have not been effective in bringing MARTA into compliance with the ADA, additional modifications to the injunctions would be an effective remedy. (Br. in Supp. of Mot. for a Decision on Contempt at 4-12). The Court disagrees. In the Court's view, the Plaintiffs' position that, although MARTA has allegedly been unable for the last several years to comply with an injunction that essentially requires it to adhere to the ADA, additional injunctive measures would be effective is curious, to say the least. As explained above, the Plaintiffs' position is contradictory with its own goals and would likely result only in the Plaintiffs' continued pursuit of injunction modifications and civil contempt sanctions against the Defendants. If the Plaintiffs feel that MARTA has been in willful

10

contempt of the preliminary injunctions for several years now, despite multiple modifications over the years, it is unclear how the Plaintiffs can also argue that further injunctive relief would be an effective remedy. Likewise, while the Plaintiffs now argue that free ride vouchers would compensate them for MARTA's alleged contempt, they previously argued that the same remedy would trivialize their poor experiences with MARTA's paratransit services. (*See id.* at 7; Pls. Post-Trial Brief [Doc. 172] at 36). Accordingly, the Plaintiffs' Motion for Entry of a Decision on the Pending Petition that Defendants be Held in Contempt [Doc. 192] is GRANTED. The Court declines to hold the Defendants in civil contempt.

## IV.   Conclusion

For the reasons set forth above, the Defendants' Motion to Dissolve, Release, and Vacate the Preliminary Injunction Orders [Doc. 187] and the Plaintiffs' Motion for Entry of a Decision on the Pending Petition that Defendants be Held in Contempt [Doc. 192] are GRANTED. The Court hereby VACATES and DISSOLVES the initial Preliminary Injunction Order [Doc. 45] and all subsequent modifications to that Order [Docs. 54, 75, 95, 101, 177]. No further injunctive relief will be entered in this matter.

SO ORDERED, this ___24th___ day of June, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge

11